**IN THE UNITED STATES DISTRICT COURT**
**OF THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| Walter A. Mosley, Jr., Malinda K. Mosley, Bobbie L. Mosley, Ramona J. Johnston AKA Mosley § § § § Plaintiffs § § V. § § Bowie County, Texas, et al. § § Defendants § | | No. 5:06CV291 |

## ORDER

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for Assignment of Duties to United States Magistrate Judges, Plaintiff's Motion to Proceed with his Case (Docket Entry # 37), Plaintiff's Motion for Request for Discovery and Decision on Discovery Rules (Docket Entry # 36), Plaintiff's Motion to Enlarge Time (Docket Entry # 38), and Plaintiff's Motion to Amend Signatures on Original Complaint (Docket Entry # 35) have been referred to the Honorable Caroline M. Craven for the purposes of hearing and determining said motions. The Court, having reviewed the motions, issues the following Order.

On April 22, 2008, the Fifth Circuit Court of Appeals affirmed in part and vacated and remanded in part this Court's dismissal of Walter A. Mosley Jr.'s 42 U.S.C. § 1983 action as frivolous and for failure to state a claim on which relief can be granted. The Fifth Circuit held that Mosley's claims that collaterally attack as void the state court judgment ordering the payment of child support are barred under the Rooker-Feldman doctrine because the "invit[e] district court review and rejection" of the state child support judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Court therefore affirmed this Court's dismissal of Mosley's collateral attack of the state court child support judgment.

The Fifth Circuit reached a different result, however, as to Mosley's claims that the defendants violated their constitutional rights in the effort to enforce the state child support judgment. The Fifth Circuit held the claims of constitutional violations in the enforcement of the state child support judgment are not barred under the Rooker-Feldman doctrine nor are they barred by the domestic relations exception. Therefore, the Fifth Circuit vacated this Court's dismissal of those constitutional claims and remanded the case to the district court. On May 22, 2008, the Fifth Circuit issued the judgment as a mandate.

Currently before the Court are four motions filed by Walter A. Mosley Jr. ("Mosley"). Mosley is is proceeding *pro se*. First, Mosley requests the Court proceed with his case without delay given the mandate from the Fifth Circuit. This motion is granted. In fact, the Court conducted a Rule 16 management conference this date.

Second, Mosley has filed a motion requesting discovery. In the Court's Scheduling Order issued this date, the Court ordered that each party shall be allowed thirty interrogatories, thirty requests for production, and thirty requests for admission. Therefore, Mosley's motion requesting discovery is granted as outlined in the Court's Scheduling Order.

Third, Mosley seeks additional time in which to file briefing with the Court. The Court grants this request. In addition to the fifteen days allowed under this Court's Local Rules to file a response to a motion, Plaintiffs shall be given an additional fourteen days in which to file responsive pleadings.

Finally, Mosley has filed a motion to amend his original complaint. Mosley seeks leave to add three additional *pro se* plaintiffs (Malinda K. Mosley, Bobbie L. Mosley, and Ramona J. Johnston)(collectively "Plaintiffs") to this case. Under Federal Rule of Civil Procedure 15(a), leave to amend should be freely given when justice requires. *Forman v. Davis*, 371 U.S. 178, 182 (1962). The Court is of the opinion Mosley's motion to amend should be granted.

Within thirty days from the date of entry of this Order, Plaintiffs shall file an Amended Complaint with all four signatures on the amended complaint.  The Amended Complaint shall re-plead Plaintiffs' original claims as addressed by the Fifth Circuit.  Specifically, based on the Fifth Circuit's affirmation of this Court's dismissal of Mosley's claims that collaterally attack as void the state court child support judgment, Plaintiffs shall delete such claims from the Amended Complaint.  Plaintiffs may re-plead only as to the remanded claims of constitutional violations in the enforcement of the state child support judgment.  Based on the foregoing, it is

**ORDERED** that Plaintiff's Motion to Proceed with his Case (Docket Entry # 37) is hereby **GRANTED**.  It is further

**ORDERED** that Plaintiff's Motion for Request for Discovery and Decision on Discovery Rules (Docket Entry # 36) is **GRANTED** as outlined in the Court's Scheduling Order.  It is further

**ORDERED** that Plaintiff's Motion to Enlarge Time (Docket Entry # 38) is hereby **GRANTED**.  In addition to the fifteen days allowed under this Court's Local Rules to file a response to a motion, Plaintiff shall be given an additional fourteen days in which to file responsive pleadings.

**ORDERED** that Plaintiff's Motion to Amend Signatures on Original Complaint (Docket Entry # 35) is hereby **GRANTED**. It is further

**ORDERED** that within thirty days from the date of entry of this Order, Plaintiffs shall file an Amended Complaint with all four signatures on the amended complaint.  The Amended Complaint shall re-plead Plaintiffs' original claims as addressed by the Fifth Circuit.  Specifically, based on the Fifth Circuit's affirmation of this Court's dismissal of Mosley's claims that collaterally attack as void the state court child support judgment, Plaintiffs shall delete such claims from the Amended Complaint. Plaintiffs may re-plead only as to the remanded claims of constitutional violations in the enforcement of the state

child support judgment.

        **SIGNED this 3rd day of July, 2008.**

_____
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE